**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| ARTHUR WEST, | No. 54412-1-II |
| Appellant, | |
| v. | |
| CITY OF TACOMA, | UNPUBLISHED OPINION |
| Respondent. | |

CRUSER, J. — West appeals an order awarding him penalties and costs in his Public Records Act (PRA), ch. 42.56 RCW, suit against the City of Tacoma. The order imposed a monetary penalty as well as a nonmonetary training requirement on the City. West argues that the trial court lacked the authority to impose a nonmonetary burden on the City in addition to the monetary penalty. Thus, he argues, the trial court abused its discretion when it ordered the City to conduct further training to deter future noncompliance with the PRA.

West fails to show that he is an aggrieved party under RAP 3.1 because he does not show that he was adversely impacted by the training requirement the trial court imposed on the City. Accordingly, we dismiss West's appeal.

FACTS

In a previous appeal in this case, we held that the City violated the PRA by silently withholding records after West made a records request. *West v. City of Tacoma*, No. 49884-7-II,

slip op. at 9 (Wash. Ct. App. Nov. 14, 2018) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2049884-7-II%20Unpublished%20Opinion.pdf. We remanded the case to the trial court to determine the penalties to which West was entitled as a result of the PRA violation. *Id.*

On remand, the trial court concluded that the City failed to disclose two records to West for a period of 184 days and imposed a penalty of $100 a day for each record. In total, the City was ordered to pay West a penalty of $36,800 and $600 in costs. The penalty amount, $36,800, was "designed to have a deterrent effect on the City." Verbatim Report of Proceedings (VRP) (Jan. 10, 2020) at 40.

The trial court also ordered the Tacoma City Attorney's Office to provide training on the PRA for the City's department heads. The trial court expressed its concern that there was an emerging trend in which local governments, at the urging of the federal government, were becoming "less than responsive and less than candid" in their responses to citizen requests than required by our PRA. *Id.* at 31. The court explained that "sometimes money is a deterrent, but there are other ways to get the message out." *Id.* at 33. The court made it clear that it did not intend the training requirement to be part of the penalty imposed against the City. Rather, the training requirement was imposed in order to have a deterrent effect on the City.

West appeals.

## WEST IS NOT AN AGGRIEVED PARTY UNDER RAP 3.1

West argues that the trial court abused its discretion when it imposed "a training-based penalty" on the City as a means to ensure future compliance with the PRA. Br. of Appellant at 14.

No. 54412-1-II

West contends that a trial court may impose only a monetary penalty to deter future noncompliance with the PRA, and erred by imposing an additional burden on the City.[1]

We dismiss West's appeal because he fails to show that he is an aggrieved party, a requirement for appellate review.

A. LEGAL PRINCIPLES

RCW 42.56.550(4) provides that the trial court has the discretion to award an individual, who prevails against an agency in a public record request, a monetary award. The trial court cannot award more than $100 per record for each day the record was withheld from the requestor. RCW 42.56.550(4). The purpose of the penalty award in RCW 42.56.550(4) is to deter the government entity from improperly denying access to public records. *Yousoufian v. Off. of Ron Sims*, 168 Wn.2d 444, 462-63, 229 P.3d 735 (2010). "The penalty must be an adequate incentive to induce future compliance." *Id.* at 463.

Under RAP 3.1, "[o]nly an aggrieved party may seek review." In order to be an aggrieved party, the trial court's decision must have adversely affected the appealing party's personal, property, or pecuniary rights, or the court must have imposed a burden or obligation on the appealing party. *Randy Reynolds & Assocs., Inc. v. Harmon*, 193 Wn.2d 143, 150, 437 P.3d 677 (2019).

---

[1] West also purports to challenge the adequacy of the trial court's standalone monetary penalty in his first assignment of error. However, West does not say how his standalone monetary penalty was inadequate. West was awarded the statutory maximum penalty of $100 per record, per day. RCW 42.56.550(4). West does not argue that the trial court should have, or could have, awarded a higher daily penalty. Additionally, West does not challenge the trial court's determination that the City withheld only two records. Thus, we are unable to determine what West means when he says that the trial court's standalone penalty was inadequate.

3

B. ANALYSIS

West fails to show that he is an aggrieved party in order to permit review. RAP 3.1. West does not claim, nor does the record show, that the training requirement in and of itself had any direct impact on him. West was not ordered to participate or contribute to the training. The City is the only party who bears an obligation as a result of the trial court's imposition of the training requirement. Furthermore, West was awarded $100 per day for each record withheld, the highest daily amount the trial court can award. RCW 42.56.550(4). West does not argue that the trial court erred when it calculated the number of days West was denied the records, nor does West argue that trial court erred when it determined West was denied only *two* records.[2]

West also fails to show that the training requirement had any impact on the monetary award he received. West does not identify any evidence from the record that would suggest that the training requirement factored into the court's decision when it set the monetary penalty. Nor does West show that the court was concerned that the monetary penalty was inadequate but felt that it was unable to award a higher amount. In fact, the court explicitly stated that the penalty amount, $36,800, was "designed to have a deterrent effect on the City." VRP (Jan. 10, 2020) at 40. Even if this case were remanded to the trial court to strike the training requirement, West points us to no information in the record indicating the trial court would award West more money. There is no indication that the trial court's decision to impose a training requirement on the City adversely

[2] We recognize in his reply brief, West argues for the first time that the court *could* recalculate the number of records that West was denied. However, West does not contend that the trial court erred originally when determining the number of records, he merely identifies how the trial court could reach a larger award. Moreover, we do not consider issues raised for the first time in a reply brief. *Ainsworth v. Progressive Cas. Ins. Co*, 180 Wn. App. 52, 78 n.20, 322 P.3d 6 (2014).

No. 54412-1-II

affected West's personal, property, or pecuniary rights, or that the decision imposed a burden or obligation on West. *Randy Reynolds & Assocs., Inc.*, 193 Wn.2d at 150.

West fails to show that he is aggrieved by the trial court's order that the City undergo further training. Accordingly, his appeal does not warrant review.

CONCLUSION

We dismiss West's appeal because he fails to show that he is an aggrieved party.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

GLASGOW, A.C.J.

VELJACIC, J.